[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 404 
¶ 1. Lorenzo White pleaded guilty in the Circuit Court of Sunflower County to possession of marihuana with intent to sell. White's sentencing was continued for two years, pending successful completion of a two-year drug treatment and rehabilitation program. After White failed to complete the program, the court sentenced him to serve twenty-five years in the custody of the Mississippi Department of Corrections. White appeals and asserts that he is entitled to post-conviction relief because: (1) the circuit court erred when it dismissed his motion for post-conviction relief, (2) his guilty plea was not voluntarily and knowingly given, (3) he received ineffective assistance of counsel, (4) the trial judge disproportionally sentenced him out of vindictiveness, and (5) he was never found in constructive possession of marihuana.
 ¶ 2. Finding no error, we affirm.
 FACTS ¶ 3. In December 1999, White's two cousins were arrested for possession of marihuana. They informed authorities that they had received the marihuana from White. White was arrested and indicted for possession of marihuana with intent to sell, a charge to which he ultimately pleaded guilty.
 ¶ 4. Before accepting his guilty plea, the circuit court placed White under oath and asked him a series of questions. In response, White testified that (1) he could read and write, (2) he had discussed the matter with his attorney and had been advised of his rights and possible defenses to the charge, (3) he had not been promised any reward for pleading guilty, (4) he had not been threatened, coerced, or intimidated into pleading guilty, (5) he was not under the influence of any drugs or alcohol, (6) he was satisfied with the representation provided to him by his attorney, (7) he was pleading guilty to the crime of possession of marihuana with intent to sell, (8) he was, in fact, guilty of this crime, (9) he understood the minimum and maximum sentences that could be imposed by the judge, and (10) he understood the constitutional rights that he was forfeiting by entering a guilty plea. After this questioning, the court accepted White's plea as knowingly, willingly, and voluntarily given.
 ¶ 5. The court continued White's sentence for two years, pending his completion of a drug treatment and rehabilitation program in Atlanta, Georgia. Within less than a month, White escaped from the rehabilitation facility and returned to his home in Mississippi. White was subsequently arrested and sentenced to serve twenty-five years, on the original possession of marihuana with intent to sell charge, in the custody of the Mississippi Department of Corrections.
 ¶ 6. Additional facts, as necessary, will be related during the discussion of the issues.
 STANDARD OF REVIEW ¶ 7. "When reviewing a lower court's decision to deny a petition for post-conviction relief, we will not disturb the trial *Page 405 
court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Brown v. State,731 So.2d 595, 598 (¶ 6) (Miss. 1999) (citing Bank of Miss. v. S.Mem'l Park, Inc., 677 So.2d 186, 191 (Miss. 1996)).
 ANALYSIS AND DISCUSSION OF THE ISSUES (1) Voluntariness of Plea
 ¶ 8. White contends that his guilty plea was not voluntarily and knowingly given. When reviewing the voluntariness of a guilty plea, we will not reverse unless the findings of the trial court are clearly erroneous. House v. State, 754 So.2d 1147, 1152 (¶ 24) (Miss. 1999) (citing Schmitt v. State, 560 So.2d 148, 151
(Miss. 1990)). The burden is on White to prove that his guilty plea was involuntary, and he must show proof by a preponderance of the evidence. Miss. Code Ann. § 99-39-23(7) (Rev. 2000). Therefore, if White is able to prove that his plea was involuntary, then we must find that his guilty plea is not binding on him.
 ¶ 9. A plea is voluntary when "the defendant is advised concerning the nature of the charge against him and the consequences of the plea." Alexander v. State, 605 So.2d 1170,1172 (Miss. 1992) (citing Wilson v. State, 577 So.2d 394,396-97 (Miss. 1991)). Mississippi statutory law also provides "that the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law." URCCC 8.04(A)(4)(b). The trial court is also required to determine whether "the accused is competent to understand the nature of the charge." Id. at (A)(4)(a). Additionally, the defendant must be apprised of several constitutional rights, which the defendant must knowingly waive: "the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protect against self-incrimination." Alexander,605 So.2d at 1172 (citing Boykin v. Alabama, 395 U.S. 238, 243,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).
 ¶ 10. After reviewing the transcript of the plea hearing, we find that White's guilty plea was voluntarily and knowingly made. The trial court clearly informed White that he had the right to a trial by jury, the right to cross-examine witnesses against him, and the right against self-incrimination. The court made sure that White knew that he was waiving those and other constitutional rights by deciding to enter a guilty plea. At the hearing on White's motion for post-conviction relief, White claimed that no one ever told him that if he failed to complete the drug rehabilitation program, he could be given the maximum sentence for his charged offense. This assertion is clearly contradicted by the record because the court informed White that "I [the court] know the maximum for that amount [more than a kilogram but less than five kilos of marihuana] is thirty years and a million dollar fine." In addition, the court also informed White of the minimum sentence for the charge to which he was pleading. White testified that he understood those sentences. The court also conducted an examination into White's competence, inquiring about his level of education, ability to read and write, lack of intoxication, and understanding of the charges against him. White specifically testified that he was guilty of the charged offense, and he was entering his plea voluntarily, free from any threats, coercion, or intimidation.
 ¶ 11. Therefore, we find that White has failed to present any evidence showing *Page 406 
that his guilty plea was not voluntarily and knowingly given. The decision of the trial court to accept the plea was not clearly erroneous. This issue is without merit.
(2) Ineffective Assistance of Counsel
 ¶ 12. White claims that his counsel rendered ineffective assistance of counsel. In order to establish a claim of ineffective assistance of counsel, White must meet the two-pronged test set out in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468,476 (Miss. 1984). According to the test, White must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. Strickland,466 U.S. at 687, 104 S.Ct. 2052. White has the burden of proving both prongs of the Strickland test. Our review of the record reveals that White has failed to establish either element of theStrickland test, but even if his attorney's performance could be considered deficient for failure to do what White alleges, we find that White still could not demonstrate the requisite showing of prejudice to support his ineffective assistance of counsel claim. The second prong of the Strickland test requires White to show that but for the errors of his counsel, the results of the case would have been different. The record is simply void of any evidence to support such a contention. In fact, the record reflects that White was ably assisted by his counsel. While White ultimately received a sentence of twenty-five years for the charge to which he pleaded, multiple drug charges were still pending against him, which could have resulted in White spending the remainder of his life in prison. Clearly, it was because of his counsel's successful negotiations that White was able to initially receive a lenient sentence and eventually able to escape a possible life sentence. "Assertions of error without prejudice do not trigger reversal." Nicholson ex rel. Gollott v.State, 672 So.2d 744, 751 (Miss. 1996) (citing Hatcher v.Fleeman, 617 So.2d 634, 639 (Miss. 1993) (overruled on other grounds)).
 ¶ 13. Moreover, the sole focus of White's arguments on this point of error is that his counsel was ineffective because he advised him that he would receive a two-year drug rehabilitation sentence and he failed to advise him that the court could impose a twenty-five year sentence if he did not complete the rehabilitation program. This assertion is clearly contradicted by the record. At the hearing on White's motion for post-conviction relief, White's attorney testified that he had fully explained to White the nature of his initial sentence. White's attorney also testified that he informed White that his sentence would be continued for the two years that it would take to successfully complete the drug rehabilitation program, and after White completed the program, he would be brought back before the court for an additional sentence. White's attorney further testified that he told White that if he failed to complete the program, he should expect to receive a significant prison sentence, but the length of the sentence was at the judge's discretion. His attorney stated that he believed that White understood all that he told him.
 ¶ 14. Furthermore, White's ineffective assistance of counsel claim is contradicted by the record. During the plea qualification hearing, White was asked by the court if he was satisfied with the way his attorney has handled his case, to which he answered, "yes, sir." The court also asked White if he had any complaints about the services provided by his attorney. His response to the court indicated that he had no complaints whatsoever. *Page 407 
 ¶ 15. Therefore, this issue is without merit.
(3) Disproportionate Sentence
 ¶ 16. White argues that his twenty-five year sentence is disproportionate to other first-time offenders convicted of the same offense in the jurisdiction in which he was convicted and in other jurisdictions throughout the state. He maintains that the court imposed his sentence out of spite and vindictiveness because he failed to complete the drug rehabilitation program.
 ¶ 17. White's assertion is contradicted by his own conversation with the court:
 BY THE COURT: I know the maximum for the amount [more than a kilogram but less than five kilos of marihuana] is thirty years and a million dollar fine.
BY THE COURT: (Interrogating defendant)
 Q. Do you understand that? That I could give you that amount of time?
A. Yes, Sir
Q. And there is a minimum of a $5,000 fine.
A. Yes, sir.
Q. And a year in the penitentiary?
A. Yes, sir.
From this conversation, it is clear that the court informed White of the minimum and maximum sentences for the offense to which he pleaded. White stated that he understood those sentences, and we now find it perplexing that he would argue that the court imposed his sentence out of vindictiveness.
 ¶ 18. We also want to make clear that White's sentence was within the statutory dictates for the crime he committed. Miss. Code Ann. § 41-29-139(b)(1) states:
 In the case of controlled substances classified in Schedule I or II, as set out in Sections 41-29-113
and 41-29-115, except thirty (30) grams or less of marihuana, and except a first offender as defined in Section 41-29-149(e) who violates subsection (a) of this section with respect to less than one (1) kilogram but more than thirty (30) grams of marihuana, such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00), or both. (emphasis added).
Marihuana is listed as a Schedule I controlled substance in section 41-29-113. Contrary to White's assertion, the record reflects that he had other drug charges pending against him; therefore, he does not fit the definition of a first offender as defined by section 41-29-149(e). White was indicted for possession of more than a kilogram but less than five kilos of marihuana. As a result, White potentially could have received up to a thirty year sentence in the custody of the Mississippi Department of Corrections. Furthermore, Mississippi case law has consistently established that the "[t]rial court will not be held in error or to have abused its discretion if the sentence imposed is within the limits fixed by statute." Medley v. State,600 So.2d 957, 962 (Miss. 1992) (citing Johnson v. State,461 So.2d 1288, 1292 (Miss. 1984)). Therefore, in accordance with the dictates of the statute, the court properly ordered White to serve twenty-five years. We find that this was not a disproportionate sentence.
(4) Constructive Possession
 ¶ 19. In his final point of error, White asserts that he should not have been arrested or indicted for the crime to which he pleaded guilty. More specifically, *Page 408 
White argues that he was never found to be in possession of marihuana, so, therefore, he should have never been indicted for possession of marihuana with intent to sell.
 ¶ 20. We find no merit to this argument because White admitted in open court that he was guilty of the charged offense. The following transpired at White's plea qualification hearing:
 BY THE COURT: What would the State's case show here on a trial of this matter?
 BY MR. CARLTON: Your honor, the State's evidence would show that on the 23rd day of December, 1999, within the jurisdiction of this court; specifically in Drew, Sunflower County, Mississippi, the Drug Task Force, in conjunction with other law enforcement agencies, conducted a raid on the residence of Mr. Lorenzo White and found him to be in possession of more than a kilogram but less than five kilos of marihuana.
BY THE COURT: (Interrogating defendant)
 Q. Is this the crime for which you are offering this guilty plea?
A. Yes, sir.
Q. Are you, in fact, guilty?
A. Yes, sir.
Q. Did you have some problems admitting that?
A. No, sir.
The law is well settled in Mississippi that "a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant." Reeder v. State,783 So.2d 711, 720 (¶ 36) (Miss. 2001) (citing Brooks v. State,573 So.2d 1350, 1352 (Miss. 1990)). Moreover, "[A] plea of guilty is more than an admission of conduct; it is a conviction." Boykin,395 U.S. at 242, 89 S.Ct. 1709.
 ¶ 21. For the reasons discussed, we find that the circuit court did not err when it dismissed White's motion for post-conviction relief.
 ¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTYDENYING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTSOF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. *Page 1258