BARNES, J., for the court.
¶ 1. Joseph Christopher Smith, pro se, appeals the judgment of the Circuit Court of Lowndes County, Mississippi, dismissing his motion for post-conviction relief. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On February 14, 2005, Joseph Christopher Smith was indicted on a charge of robbery. The indictment stated that, on November 23, 2004; Smith “did unlawfully, wilfully, and feloniously, take, steal and carry away from the presence of Denise Swain, the personal property of Jr. Food Store, Inc.” Specifically, Smith entered the Jr. Food Store in Columbus, Mississippi, asked the cashier (Swain) for change and, when she opened the cash register, jumped over the counter and forcibly took several hundred dollars from the register. The cashier obtained Smith’s license plate number and, after Smith was later detained by the authorities, identified him through a photograph. On April 12, 2005, the State made a motion to amend the indictment to reflect Smith’s habitual offender status under Mississippi Code Annotated section 99-19-83 (2000).[1] At the plea hearing on May 16, 2005, Smith entered a petition to enter a guilty plea for robbery as a habitual offender waiving his right to trial by jury. It was at this time the State requested that the trial court amend the indictment under 99-19-81, instead of 99-19-83, based on Smith’s guilty plea, which the court granted. The court, in its order, imposed a sentence of fifteen years with no chance for parole and a $10,000 fine.[2]
¶ 3. On May 4, 2006, Smith filed a motion for post-conviction collateral relief pursuant to Mississippi Code Annotated section 99-39-1(2000). The trial court denied Smith’s petition, and it is from this *734 order he appeals, citing several issues. We will consolidate these issues as necessary for the sake of efficiency and clarity.
STANDARD OF REVIEW
¶ 4. “In reviewing a trial court’s decision to deny a defendant’s petition for post-conviction relief, we will not disturb the court’s findings of fact unless clearly erroneous; however, we apply the de novo standard to questions of law.” Buck v. State, 838 So.2d 256, 258(¶ 6) (Miss.2003).
I. WHETHER THE TRIAL COURT ERRED IN DENYING SMITH AN EVIDENTIARY HEARING ON HIS PETITION FOR POST-CONVICTION RELIEF.
¶ 5. In order to obtain an evidentia-ry hearing on an ineffective assistance of counsel claim, such as alleged by Smith, the defendant must state a prima facie claim in his petition to the lower court. Robertson v. State, 669 So.2d 11, 13 (Miss. 1996). “The benchmark for judging any claim of ineffectiveness [of counsel] must be whether counsel’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.” Hodges v. State, 949 So.2d 706, 716(¶20) (Miss.2006) (quoting Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In order to prove a claim of ineffective assistance of counsel, a defendant must show that the counsel’s performance was deficient, and that the deficient performance prejudiced the defense. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985) (citing Strickland, 466 U.S. at 693, 104 S.Ct. 2052). Therefore, a “defendant is entitled to an evidentiary hearing if he can raise facts regarding either deficiency of counsel’s conduct or prejudice to the defense.” Schuck v. State, 865 So.2d 1111, 1125(1146) (Miss.2003).
¶ 6. A case where there is a claim of ineffective assistance of counsel “should be decided based on the totality of the circumstances, that is, by looking to the evidence in the entire record.” Garibaldi v. State, 840 So.2d 793, 795(¶4) (Miss.Ct.App. 2003). Smith offers no facts or evidence to the Court to support his claim. The record reflects that Smith signed a very detailed petition to enter a guilty plea, which stated very clearly that he understood and made his plea voluntarily and willingly. In addition, at the plea hearing, Smith told the trial judge that he was satisfied with his lawyer’s advice and understood the implications of pleading guilty.
THE COURT: Now, have you discussed with your lawyers any defenses you might have to the charge?
SMITH: Yes.
THE COURT: Are you satisfied with the advice and help that your lawyer has given you?
SMITH: Yes.
To establish prejudice, Smith “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the trial would have been different.” Davis v. State, 897 So.2d 960, 967(¶ 16) (Miss.2004). There is no evidence in the record or specific facts given in Smith’s brief which would prove that his counsel was less than competent in his representation of Smith. In White v. State, 921 So.2d 402, 406(1112) (Miss.Ct. App.2006), this Court did not find ineffective assistance of counsel when, through counsel’s successful negotiations, the defendant was able to receive a lenient sentence and escape a possible life sentence. Just as in White, Smith’s counsel also negotiated for a lesser sentence and the retirement of outstanding criminal charges, in exchange for Smith’s guilty plea.
*735 ¶ 7. We find that Smith failed to raise a prima facie claim of ineffective counsel; therefore, no evidentiary hearing by the trial court was warranted. This claim of error is without merit.
II. WHETHER THE TRIAL COURT ERRED IN ITS ORDER TO AMEND INDICTMENT PURSUANT TO MISS. CODE ANN. SECTION 99-19-81.
¶ 8. The State originally filed a mo-, tion (on April 12, 2005) to amend the indictment under Mississippi Code Annotated section .99-19-83. This statute states:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more ‘ in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence■ shall he sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
(Emphasis added). However, since Smith agreed to enter a guilty plea on the charge of robbery, the State requested, at the hearing, that the court, upon sentencing, proceed under Mississippi Code Annotated section 99-19-81. That statute, although also a habitual offender statute, is more lenient. It states:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced■ to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
(Emphasis added).
¶ 9. Smith argues that the State’s failure to make a formal motion in the record to amend the indictment under section 99-19-81 is error and cause for remand and re-sentencing. We find no such error. Rule 7.09 of the Uniform Rules of Circuit and County Court provides:
All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement (e.g., driving under the influence, Miss.Code Ann. § 63-11-30). Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
Sturgis v. State, 379 So.2d 534, 536 (Miss. 1980) held that “where no objection was made at trial to- the state’s motion to amend an indictment, and the court orally allowed the amendment, and the district attorney made the amendment on the face of the indictment by interlining or otherwise, and the amendment was not jurisdictional, the Court has held objection could not be raised for the first time on appeal that no order allowing the amendment was put on the minutes of the court.”
¶ 10. Smith was made aware of the substance of the amendment to the indictment at the hearing. The court and both *736 attorneys made every attempt to explain the difference between the two statutes and its implications. The trial judge asked Smith on five separate occasions during the hearing if he understood the implications of section 99-19-81 (a mandatory maximum sentence of fifteen years without parole and a $10,000 fine) versus section 99-19-83 (mandatory life imprisonment without parole and a $10,000 fine). The court also made clear to Smith that the application of section 99-19-81 was only a condition of the guilty plea agreement and if he wanted to plead not guilty and go to trial, the State would proceed under 99-19-83. Smith, although a little confused at one point, conferred briefly with counsel, and then proceeded to say unequivocally that he understood the difference and still wanted to enter a plea of guilty.
¶ 11. An amendment of an indictment which charges a defendant as a habitual offender under section 99-19-81, rather than section 99-19-83 (which imposes a greater sentence than section 99-19-81), is an amendment of form rather than substance and is, therefore, permissible since the amendment only affects the sentence and not the underlying offenses for which the defendant was tried. See Nathan v. State, 552 So.2d 99 (Miss.1989). Further, the amendment was not made due to some original error on the part of the State but as a result of a lenient plea agreement. We find no error in the amendment.
¶ 12. Smith further contends that the State’s motion to amend indictment, filed on April 12, 2005, was defective and should not have been granted. Specifically, the motion to amend indictment listed a prior conviction in Cause #94-CR-3947A for stealing a motor vehicle, for which Smith was sentenced March 27, 1995, to serve a term of five years. Based on the record, this information was erroneous. Smith was actually convicted of attempt to steal a motor vehicle in that specific instance. However, the classification of the crime as a felony and the sentencing date and terms in the indictment were correct. The Mississippi Supreme Court has held, “prior offenses used to charge the defendant as an habitual offender are not substantive elements of the offense charged.” Wilson v. State, 935 So.2d 945, 949(¶ 12) (Miss. 2006) (quoting Swington v. State, 742 So.2d 1106, 1118(¶ 44) (Miss.1999)). While we agree that there was a minor omission in the motion, Smith was nonetheless convicted of a felony and still qualified as habitual offender under section 99-19-81. Smith was provided adequate notice that the State would seek habitual offender status, and the State provided Smith’s counsel records of the prior convictions. We find that the evidence presented by the State satisfied the requirements of Mississippi Code Annotated section 99-19-81 and did not unlawfully enhance Smith’s penalty-
ill WHETHER SMITH’S GUILTY PLEA WAS INVOLUNTARY AND AFFORDED HIM NO OPPORTUNITY TO DEFEND FORMER CHARGES AGAINST HIM.
¶ 13. “A plea is deemed ‘voluntary and intelligent’ only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea.” Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Here, Smith is asserting that his plea was involuntarily given as he had no opportunity to confront witnesses and evidence on the charges, specifically the charge of attempt to steal a motor vehicle, which led to his classification as a habitual offender. As we have already stated, a defendant’s prior offenses in a habitual offender case are not sub *737 stantive elements of the claim. Wilson 935 So.2d at 949.
¶ 14. Upon review of Smith’s claims of error, we find that the trial court’s denial of post-conviction relief was warranted, and we affirm.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Smith was previously convicted on three counts: (1) a conviction in the Circuit Court of St. Louis County, Missouri, on June 26, 1997, for stealing-felony for which Smith was sentenced to serve seven years; (2) a conviction in the Circuit Court of St. Louis County, Missouri, on March 27, 1995, of attempt to steal a motor vehicle with a sentence of five years; and (3) a conviction on August 7, 1995, in the Circuit Court of Madison County, Illinois, for receiving, possessing, or selling a stolen motor vehicle.

. Smith also had pending cases in Clay County, Mississippi, under several counts which included one for grand larceny, one for robbery and two simple assaults on law enforcement officers. As a condition of the plea negotiation in this case, Smith pled guilty to the grand larceny in Clay County, and all other counts were retired. Under this plea negotiation, Smith received five years in the custody of the Mississippi Department of Corrections followed by five years of post-release supervision to run consecutive to the sentence in this case.