993 So.2d 397 (2008)
Camacho ELLIOTT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-CP-02157-COA.
Court of Appeals of Mississippi.
May 20, 2008.
Rehearing Denied August 12, 2008.
Certiorari Denied October 30, 2008.
*398 Camacho Elliott, pro se.
Office of the Attorney General, by Billy L. Gore, Charles W. Maris, attorneys for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. In May 2006, Camacho Elliott pleaded guilty as a habitual offender to possession of cocaine in the Circuit Court of Lowndes County, Mississippi as part of an agreement with the Lowndes County District Attorney's Office. The court accepted his plea and sentenced him to eight years in the custody of the Mississippi Department of Corrections. In October 2006, Elliott filed a petition for post-conviction relief in the circuit court alleging: (1) that he received ineffective assistance of counsel during his guilty plea hearing in violation of his Sixth Amendment rights; (2) that under the United States Supreme Court's ruling in Apprendi v. New Jersey he is serving an illegal sentence; (3) that his right to due process under the Fifth and Fourteenth Amendments was violated when the circuit judge failed to inform him that his sentence was separately appealable from his conviction; and (4) that the cumulative errors of the circuit court mandate reversal of his conviction. The circuit court denied his petition. Finding no error, we affirm the judgment of the circuit court.

STANDARD OF REVIEW
¶ 2. We will not reverse the denial of a motion for post-conviction relief by a trial court absent a finding that the trial court's ruling was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999) (citing State v. Tokman, 564 So.2d 1339, 1341 (Miss.1990)).

DISCUSSION

(1) Elliott received effective assistance of counsel during his plea hearing.
¶ 3. Elliott asserts that he received ineffective assistance of counsel during his guilty plea hearing in violation of his rights under the Sixth Amendment. Elliott argues that the indictment charging him with possession of cocaine did not contain language indicating that he was being charged as a habitual offender, and because of this, his attorney should have objected to his sentencing as a habitual offender at his plea hearing.
¶ 4. First, we note that by entering a voluntary plea of guilty, Elliott has waived any defects with respect to the indictment against him. In most cases, "[a] valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Banana v. State, 635 So.2d 851, 853-54 (Miss.1994) (quoting Anderson v. State, 577 So.2d 390, 391 (Miss.1991)). The only two exceptions to this rule are if the indictment fails to state an essential element of the crime charged or if there exists no subject matter jurisdiction. Id. at 853. Neither of these exceptions apply under the facts in this case.
¶ 5. Even if Elliott had not waived his right to appeal the language of the indictment by entering a voluntary plea of guilty, in order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate that his or her counsel's performance was deficient, and that but for the deficiency, the outcome of the case would have been different. Donnelly v. State, 841 So.2d 207, 211(¶ 8) (Miss.Ct.App.2003) (citing Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Specifically *399 in relation to guilty pleas, "[w]hen a convicted defendant challenges his guilty plea on grounds of ineffective assistance of counsel, he must show unprofessional errors of substantial gravity. Beyond that, he must show that those errors proximately resulted in his guilty plea and that but for counsel's errors he would not have entered the plea." Reynolds v. State, 521 So.2d 914, 918 (Miss. 1988).
¶ 6. Here, the record clearly indicates that the State filed a motion to amend the indictment against Elliott to include language reflecting his status as a habitual offender well before the plea hearing. Furthermore, the transcript of the proceedings during the plea hearing demonstrates: (1) that the State's motion to amend the indictment was granted during that hearing, (2) that Elliott's sentencing as a habitual offender was an integral part of the State's agreement with him, and (3) that Elliott himself was made to understand these facts by both his counsel and the circuit judge. Under these facts, we cannot say that the performance of Elliott's counsel was deficient in any respect. Accordingly, we find this assignment of error to be without merit.

(2) Elliott's sentence is not unconstitutional under Apprendi v. New Jersey.

¶ 7. Elliott argues that under the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), he is serving an illegally enhanced sentence in violation of his constitutional rights. The primary issue decided in Apprendi was under which set of circumstances an increase in a defendant's sentencing beyond the statutory maximum must be submitted to a jury. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added).
¶ 8. Elliott is clearly not entitled to relief under Apprendi, since his sentence was increased precisely because of a prior conviction for the same offense. Accordingly, we find Elliott's argument on this issue to be without merit.

(3) Elliott was not denied due process under the Fifth and Fourteenth Amendments.
¶ 9. Elliott argues that he was denied his right to due process under the Fifth and Fourteenth Amendments because the circuit judge failed to inform him that he could appeal the sentence imposed on him as a result of his guilty plea despite the fact that he could not appeal the plea itself. Under Mississippi Code Annotated section 99-35-101, "[a]ny person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty." Miss.Code. Ann. § 99-35-101 (Rev.2007). However, "an appeal from a sentence imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty plea itself." Trotter v. State, 554 So.2d 313, 315 (Miss.1989) (citations omitted).
¶ 10. While it is true that a defendant may appeal the sentence resulting from a plea of guilty independently of the plea itself, there is no corresponding requirement that the circuit court notify the defendant of that right during the plea process. Elliott offers no compelling reason for us to add such a requirement, nor any reason why failing to inform a defendant of the ability to appeal the sentence *400 separately results in a denial of due process. Accordingly, we find Elliott's argument on this issue to be without merit.

(4) This matter does not merit reversal for cumulative error.
¶ 11. Finally, Elliott argues that due to the cumulative effect of each assigned error, we should reverse the circuit court's judgment and remand this case. It is correct that this Court may reverse a conviction and sentence based upon the cumulative effect of errors that independently would not require reversal. Jenkins v. State, 607 So.2d 1171, 1183-84 (Miss.1992). However, in cases where "there was no reversible error in any part, so there is no reversible error to the whole." McFee v. State, 511 So.2d 130, 136 (Miss.1987). In this case, we have failed to find that any one of Elliott's assignments of error warrant reversal, even if we would not have reversed solely due to that error. Accordingly, under McFee we cannot entertain a request to reverse based on cumulative error. Therefore, we find this argument to be without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.