LEE, P.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On August 13, 2007, Reginald La-dale Edwards pleaded guilty in the Claiborne County Circuit Court to one count of sale of cocaine. Edwards was subsequently sentenced to eight years, with two years suspended and six years to serve in the custody of the Mississippi Department of Corrections (MDOC) and two years’ post-release supervision. On December 8, 2008, Edwards filed a motion for post-conviction relief. The trial court denied Edwards’s request for relief. Edwards filed his appeal, asserting the following issues: (1) his guilty plea was invalid; (2) the trial court failed to advise him of his right to appeal; (3) the indictment was defective; (4) the trial court imposed an illegal sentence; (5) the trial court failed to file a complete .record of the proceedings; and (6) his trial counsel was ineffective. As the first three issues are related, we will address them together. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 2. A trial court’s denial of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision to deny the motion was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 I. GUILTY PLEA
 

 II. RIGHT TO APPEAL
 

 III. DEFECTIVE INDICTMENT
 

 ¶ 3. Edwards argues that his guilty plea was invalid because he did not admit his guilt and the trial court failed to advise him of his right to appeal. A plea is considered “voluntary and intelligent” if the defendant is advised regarding the nature of the charge against him or her and of the consequences of the guilty plea.
 
 Alexander v. State,
 
 605 So.2d 1170, 1172 (Miss.1992). According to the plea colloquy, Edwards admitted several times that he was guilty of the sale of cocaine. Edwards was also informed of the effect of the plea, the rights he would waive if he pleaded guilty, and the possible sentence he could receive.
 

 ¶ 4. In regard to the failure of the trial court to advise Edwards of his right to appeal, we note that there is no such requirement. Having pleaded guilty, Ed
 
 *406
 
 wards waived his right to appeal.
 
 See
 
 Miss.Code Ann. § 99-35-101 (Rev.2007).
 
 [1]
 
 Although Edwards may still appeal his sentence resulting from the guilty plea, “there is no corresponding requirement that the [trial] court notify the defendant of that right during the plea process.”
 
 Elliott v. State,
 
 993 So.2d 397, 399 (¶ 10) (Miss.Ct.App.2008).
 

 ¶ 5. In regard to the purported defective indictment, Edwards argues that the State failed to prove the elements of sale of cocaine. However, a valid guilty plea waives all nonjurisdictional claims concerning defective indictments as well as any evidentiary issue.
 
 Phillips v. State,
 
 25 So.3d 404, 407 (¶ 6) (Miss.Ct.App.2010). This issue is without merit.
 

 IV. ILLEGAL SENTENCE
 

 ¶ 6. Edwards argues that the trial court failed to specify the length of his post-release supervision. However, it is clear from the trial court’s sentencing order that Edwards was sentenced to serve six years in the custody of the MDOC and the remainder of his eight-year sentence on post-release supervision, resulting in two years of post-release supervision. This issue is without merit.
 

 V. RECORD OF THE PROCEEDINGS
 

 ¶ 7. Edwards next argues that he did not receive a transcript of the plea colloquy. As the transcript of Edwards’s plea colloquy was included in the record on appeal, this issue is moot.
 

 VI. INEFFECTIVE ASSISTANCE OF COUNSEL
 

 ¶ 8. Edwards argues that his trial counsel rendered ineffective assistance of counsel. Prisoners alleging ineffective assistance of counsel in a motion for post-conviction relief must show the elements of the claim with specificity and detail.
 
 Sandifer v. State,
 
 799 So.2d 914, 918 (¶ 12) (Miss.Ct.App.2001). Specifically, Edwards must allege facts showing his counsel’s performance was deficient, and that the deficient performance prejudiced his defense. Stri
 
 ckland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 

 ¶ 9. All of Edwards’s assertions concerning his trial counsel’s performance relate to issues that we previously have discussed, namely the validity of the guilty plea and the right to appeal his sentence. Edwards has failed to meet his burden in proving any deficiency and any resulting prejudice to his defense as a result of the deficiency. This issue is without merit.
 

 ¶10. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Section 99-35-101 of Mississippi Code Annotated has been amended, effective July 1, 2008, to provide that "where [a] defendant enters a plea of guilty and
 
 is sentenced,
 
 then no appeal from the circuit court to the Supreme Court shall be allowed.” Miss.Code Ann. § 99-35-101 (Supp.2009) (emphasis added).