CHANDLER, Justice,
dissenting:
¶ 12. The majority’s decision eliminates the requirement under Uniform Rule of Circuit and County Court Practice 7.09 that the State obtain an amendment to the indictment before a defendant may be sentenced as a habitual offender, depriving Joiner and future defendants of due process of law. Therefore, I respectfully dissent.
¶ 13. Rule 7.09 provides:
All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement (e.g., driving under the influence, Miss.Code Ann. § 63-11-30). Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
URCCC 7.09 (emphasis added). Under this rule, “an indictment maybe [sic] amended to include the charge of habitual offender only if the offender is given ‘a fair opportunity to present a defense and is not unfairly surprised.’ ” Smith v. State, 835 So.2d 927, 948-49 (Miss.2002) (quoting Adams v. State, 772 So.2d 1010, 1020 (Miss.2000) (quoting URCCC 7.09)). “This means that the defendant must be afforded due process of law and be given fair notice of ‘the nature and cause of the accusation.’ ” Gowdy v. State, 56 So.3d 540, 545 (Miss.2011); see U.S. Const. amends. VI, XIV; Miss. Const, art. 3, §§ 14, 26. An “indictment against an habitual offender must include a charge of habitual offender status sufficient to satisfy notice/due process requirements and double jeopardy concerns.” Hentz v. State, 542 So.2d 914, 918 (Miss.1989) (citations omitted). This Court has held that if a defendant is not indicted as a habitual offender, the defendant cannot be convicted and sentenced as a habitual offender. Feazell v. State, 761 So.2d 140, 142-43 (Miss.2000) (citing Keyes v. State, 549 So.2d 949, 951 (Miss.1989)). This Court recently has held that, consistent with Rule 7.09, the State may not be permitted to amend the indictment to charge habitual-offender status after the defendant has been convicted. Gowdy, 56 So.3d at 546.
¶ 14. Because the State failed to seek and obtain an amendment to Joiner’s indictment under Rule 7.09, Joiner presently stands before this Court having been sentenced, but never indicted, as a habitual offender. No precedent cited by the State or identified by the majority addresses a total failure by the State either to indict the defendant as a habitual offender, or to obtain an amendment, prior to the defendant’s sentencing as a habitual offender. I would find that Joiner’s guilty plea did not waive this error. Rule 7.09 clearly requires that an indictment must be amend *161 ed before the State may seek habitual-offender sentencing. The amendment must be made in such time as to permit-the defendant a fair opportunity to present a defense and to prevent unfair surprise. URCCC 7.09. These are due-process considerations, none of which were met in this case.
¶ 15. Only a voluntary guilty plea functions as a waiver. Brooks v. State, 573 So.2d 1350, 1353 (Miss.1990). A guilty plea is voluntary if it “represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.” Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The accused’s ignorance or incomprehension impacts the constitutionality of a guilty plea. Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
¶ 16. The trial court may not accept a guilty plea without determining that the plea is voluntarily and intelligently made. URCCC 8.04. Uniform Rule of Circuit and County Court 8.04 provides that, before accepting a guilty plea, the trial court must inquire as to the voluntariness of the plea. URCCC 8.04. The trial court must ascertain that the defendant is competent to understand the nature of the charge, and understands that the guilty plea operates as a waiver of certain constitutional rights. URCCC 8.04. The trial court must inform the defendant of the nature and consequences of the plea, and the maximum and minimum sentences that may be imposed for the crime charged. URCCC 8.04. This Court has held that, under Rule 8.04, “notice of the charge includes notice of the applicable minimum and maximum penalties,” including habitual-offender status. Gowdy, 56 So.3d at 546.
¶ 17. In this case, an “Agreed Motion and Order to Reduce Charges,” entered by the circuit court stated that Joiner and the district attorney had agreed to reduce the charge from “lifetime habitual” to “felony fleeing-maximum habitual.” Thus, the “Agreed Motion and Order” reflects Joiner’s understanding that he was “pleading down” from sentencing eligibility under Mississippi Code Section 99-19-83 to sentencing eligibility under Mississippi Code Section 99-19-81. While Joiner’s guilty plea had other requisites of voluntariness, the record reflects that neither the prosecutor, nor Joiner’s defense counsel, nor the court, informed Joiner that his indictment actually had not charged him as a habitual offender. Without proper notice of this fact, Joiner could not knowingly, intelligently, and voluntarily have waived the State’s failure to charge him as a habitual offender.[4] A guilty plea entered under the mistaken belief that one has been charged as a habitual offender cannot be said to be voluntary. Therefore, Joiner’s guilty plea did not function as a waiver of his right to be indicted as a habitual offender. Because Joiner was not indicted as a habitual offender, and he did not knowingly, intelligently, and voluntarily waive the right to be indicted as a habitual offender, I would *162 reverse the Court of Appeals and the circuit court, grant the petition for post-conviction relief to vacate the habitual-offender portion of Joiner’s sentence for Count I, felony flight, and remand for resentencing as to Count I as a nonhabitual offender.
KITCHENS, J., JOINS THIS OPINION.

. The facts of this case are distinguishable from those in Elliott v. State, 993 So.2d 397 (Miss.Ct.App.2008), and Smith v. State, 965 So.2d 732 (Miss.Ct.App.2007). In both cases, the defendant had agreed to habitual-offender sentencing as part of a plea bargain, although neither defendant’s original indictment had charged habitual-offender status. Elliott, 993 So.2d at 399; Smith, 965 So.2d at 736. In both cases, prior to the plea colloquy, the trial court granted the State's motion to amend the indictment to charge the defendant as a habitual offender under Rule 7.09 after fully explaining the process to the defendant. Elliott, 993 So.2d at 399; Smith, 965 So.2d at 735-36. Thus, unlike this case, in Elliott and Smith, it was shown that the defendant voluntarily had pleaded guilty upon a proper indictment amended in compliance with Rule 7.09.