# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-02150-COA

JAMES ANTHONY SWILLEY A/K/A JAMES
SWILLEY

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/2013 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: MOLLIE MARIE MCMILLIN |
| | JAMES ANTHONY SWILLEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | ALEXANDER C. MARTIN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, BURGLARY OF A DWELLING, AND SENTENCED TO SEVEN YEARS AS A HABITUAL OFFENDER; AND COUNT II, GRAND LARCENY, AND SENTENCED TO TEN YEARS AS A HABITUAL OFFENDER, WITH THE SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT POSSIBILITY OF PROBATION OR PAROLE |
| DISPOSITION: | AFFIRMED: 03/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

## PROCEDURAL HISTORY

¶1. James Anthony Swilley was convicted of burglary of a dwelling and grand larceny. The Copiah County Circuit Court sentenced Swilley, as a habitual offender, to seven years for the burglary charge and ten years for the grand-larceny charge. The trial court ordered the sentences to be served consecutively in the custody of the Mississippi Department of Corrections. Swilley filed post-trial motions, which the trial court denied.

¶2. Swilley is represented by the Indigent Appeals Division of the Office of State Public Defender. Swilley's appellate counsel filed a brief with this Court pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), stating no arguable issues existed for appeal. Swilley's appellate attorney also confirmed that she sent a copy of her brief to Swilley, along with correspondence informing Swilley that she found no arguable issues in the record to raise as error, and that Swilley had a right to file a pro se brief to raise any perceived errors. Swilley filed a pro se brief and a reply brief, arguing a defective indictment and ineffective assistance of counsel. Upon review, we find no error and affirm.

## FACTS

¶3. On May 1, 2013, Swilley was arrested while attempting to leave Kitchens Brothers lumber yard in Hazlehurst, Mississippi. Upon arrest, Swilley signed a waiver-of-rights form and admitted to the police that he broke into the building and stole over $500 worth of scrap metal.

## DISCUSSION

¶4. In *Lindsey*, the Mississippi Supreme Court set forth the process to follow when appellate counsel for an indigent criminal defendant concludes no arguable issues exist on appeal. *Id*. at 748 (¶18). Specifically, the *Lindsey* court stated:

2

(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7); *see also* [*Smith v.*] *Robbins*, 528 U.S. [259,] 280-81 [(2000)] (stating that "counsel's summary of the case's procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.").

(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Id.* (internal citations and footnotes omitted).

¶5.    Here, Swilley's attorney indicated she diligently and thoroughly scoured the record, searching for any arguable issues that could be presented in good faith on appeal, but she found none. Swilley's attorney asserted that she specifically examined: (1) the reason for Swilley's arrest and the surrounding circumstances; (2) any possible violation of Swilley's right to counsel; (3) the entire trial transcript; (4) all rulings of the trial court; (5) possible prosecutorial misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into

3

evidence or not; (8) possible misrepresentation of the law in sentencing; (9) the indictment and all pleadings in the record; (10) any possible ineffective-assistance-of-counsel issues; and (11) any other possible reviewable issues.

¶6.     Although Swilley's appellate attorney found no arguable issues on appeal, we will address the merits of Swilley's two issues on appeal.

## I.  DEFECTIVE INDICTMENT

¶7.     Swilley contends the indictment was defective because the trial court allowed the State to amend the indictment pretrial to reflect that he should be sentenced as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007) rather than Mississippi Code Annotated section 99-19-83 (Rev. 2007).  Section 99-19-83 imposes a greater sentence than section 99-19-81.  However,"[a]n amendment of an indictment which charges a defendant as a habitual offender under section 99-19-81, rather than section 99-19-83[,] . . . is an amendment of form rather than substance and is, therefore, permissible since the amendment only affects the sentence and not the underlying offenses for which the defendant was tried." *Smith v. State*, 965 So. 2d 732, 736 (¶11) (Miss. Ct. App. 2007); *see also Beal v. State*, 86 So. 3d 887, 893 (¶14) (Miss. 2012) (State was allowed to amend the indictment pretrial to reflect Beal's status as a habitual offender under section 99-19-81 rather than section 99-19-83).  We find no error by the trial court in allowing the State to amend the indictment to properly reflect Swilley's habitual-offender status.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

¶8.     In his pro se brief, Swilley argues that his trial counsel was ineffective.  However, the supreme court has stated:

[I]neffective[-]assistance[-]of[-]counsel claims are more appropriately brought during post-conviction proceedings. This is because during direct appeals the Court is limited to the trial court record in its review of the claim, and there may be instances in which insufficient evidence exists within the record to address the claim adequately. In such a case, the appropriate procedure is to deny relief, preserving the defendant's right to argue the issue through a petition for post-conviction relief.

*Archer v. State*, 986 So. 2d 951, 955 (¶15) (Miss. 2008) (internal citations omitted). As a result, we deny relief at this time on this issue.

¶9. **THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, BURGLARY OF A DWELLING, AND SENTENCE OF SEVEN YEARS AS A HABITUAL OFFENDER; AND COUNT II, GRAND LARCENY, AND SENTENCE OF TEN YEARS AS A HABITUAL OFFENDER, WITH THE SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PROBATION OR PAROLE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**