IRVING, P. J.,
for the Court:
¶ 1. A Madison County grand jury indicted Willie Curry for attempt to exploit a vulnerable adult, conspiracy to exploit a vulnerable adult, and possession of hydro-codone. After the indictment, the Madison County Circuit Court granted the State’s motion to amend the indictment to charge Curry as a violent habitual offender. Following a trial, the jury convicted Curry of attempt to exploit a vulnerable adult, conspiracy to exploit a vulnerable adult, and possession of hydrocodone with acetaminophen.[1] The circuit court sentenced him as a nonviolent habitual offender to a total of fifteen years in the custody of the Mississippi Department of Corrections and to one year in the custody of the Madison County Sheriff. From the denial of Curry’s post-trial motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, he instituted this appeal and argues that the circuit court erred in sentencing him under an indictment that was different from the original indictment.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. The State’s initial motion to amend the indictment listed three convictions to support indicting Curry as a violent habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2007): two aggravated-assault convictions, each carrying three-year sentences that ran concurrently with each other, and a forgery conviction carrying an eighteen-month sentence. The circuit court granted the State’s motion to amend the indictment. After Curry’s conviction but before his sentencing, the State filed a second motion to amend the indictment, seeking to replace the forgery conviction in the amended indictment with a grand-theft-auto conviction. The State had discovered that Curry had served only eight months for the forgery conviction, thereby making it ineligible to serve as a predicate conviction for sentencing Curry as a violent habitual offender *1234 under section 99-19-83.[2] The circuit court denied the motion and sentenced Curry as a nonviolent habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007), reasoning that the indictment, as it read after the initial amendment with the two aggravated-assault convictions and the forgery conviction, could properly stand under section 99-19-81.
¶4. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶5. A circuit court’s decision to permit the State to amend an indictment to reflect a defendant’s habitual-offender status “is an issue of law and enjoys a relatively broad standard of review.” Jackson v. State, 943 So.2d 746, 749 (¶ 11) (Miss.Ct.App.2006) (citation and internal quotation marks omitted). Despite the court’s denial of the State’s second motion to amend the indictment and the court’s refusal to sentence Curry as a violent habitual offender under section 99-19-83, Curry, nevertheless, argues that the circuit court granted the State’s motion and erred in doing so.[3] Curry contends that the court erred because the indictment under which he was sentenced was different from the indictment presented against him at' trial, and as a result, he suffered prejudice because he “had to defend [himself at sentencing] against a charge that was not presented to him.” More specifically, Curry complains that there was a lack of notice regarding the felony convictions supporting his habitual-offender status.
¶ 6. Rule 7.09 of the Uniform Rules of Circuit and County Court governs amendments to indictments and states:
All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement.... Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
Here, the State’s motions to amend the indictment sought violent-habitual-offender status under section 99-19-83, which states that
[e]very person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended!,] nor shall such person be eligible for parole or probation.
(Emphasis added).
¶ 7. Apparently, Curry is mistaken with respect to what occurred at his sentencing *1235 hearing. It is true that after Curry’s conviction and prior to his sentencing, the State sought to amend the indictment. However, the State was seeking to substitute a different felony conviction for one of the felonies contained in the indictment that had been amended approximately ten days prior to trial, charging Curry as a violent habitual offender. As stated, the circuit court denied the State’s motion as to this second attempt to amend the indictment. Nevertheless, Curry remained indicted as a habitual offender, but since he had not served one year in prison for one of the felony-convictions contained in the indictment, he could not be sentenced as a violent habitual offender. He, however, could be sentenced as a nonviolent habitual offender, which is how he was sentenced.
¶ 8. Curry was served with a copy of the State’s pretrial motion to amend the indictment, which resulted in his indicted status being changed from non-habitual offender to habitual offender. Consequently, that amendment was proper because Curry had adequate notice and was not unfairly surprised by the State’s use of his prior convictions. Thus, the circuit court properly sentenced Curry as a nonviolent habitual offender under section 99-19-81.
¶ 9. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, ATTEMPT TO EXPLOIT A VULNERABLE ADULT, AND SENTENCE OF TEN YEARS; COUNT II, CONSPIRACY TO EXPLOIT A VULNERABLE ADULT, AND SENTENCE OF FIVE YEARS, BOTH SENTENCES AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION; COUNT III, POSSESSION OF HYDRO-CODONE WITH ACETAMINOPHEN, AND SENTENCE OF ONE YEAR IN THE CUSTODY OF THE MADISON COUNTY SHERIFF; WITH THE SENTENCE IN COUNT II TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I AND THE SENTENCE IN COUNT III TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT II, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. GRIFFIS, P.J., AND ROBERTS, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. On the day of Curry's conviction, at the request of the State, the circuit court entered two orders amending the indictment to correct scrivener's errors. One order corrected the name of the city in which the crime in count one took place, and the other order replaced "Hydrocodone” with "Hydrocodone with Acetaminophen" in count three.

. Because the two aggravated-assault convictions arose out of the same incident and resulted in sentences that ran concurrently with each other, the convictions were treated as one single conviction for the purpose of Curry’s habitual-offender status.

. The transcript clearly reflects that the circuit court denied the State’s second motion to amend the indictment, which was filed after the State discovered that Curry had served less than eight months for the forgery conviction.