# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01486-COA

ASHENDRIAS E. REED A/K/A ASHENDRIAS          **APPELLANT**
XAVIER REED A/K/A ASHENDRIAS REED

v.

STATE OF MISSISSIPPI                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/25/2014 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LADONNA C. HOLLAND |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF GRAND LARCENY AND SENTENCED AS A HABITUAL OFFENDER TO FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT THE BENEFIT OF PROBATION, PAROLE, OR ANY FORM OF EARLY RELEASE |
| DISPOSITION: | AFFIRMED: 11/17/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.    Ashendrias Reed was convicted of grand larceny after stealing an automobile that turned out to have a GPS tracking device onboard. He was sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2015). Sentencing under

that statute requires that the defendant "have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution." *Id.*

¶2. Reed contends on appeal that one of his prior convictions does not qualify under section 99-19-81 because it does not reflect a sentence of one year or more. In that instance, Reed was charged with grand larceny. He pled guilty, but the court withheld accepting the guilty plea for five years, conditioned on Reed's good behavior and his acceptance of one year of supervision by the Mississippi Department of Corrections. Reed was subsequently arrested for a myriad of other offenses, and the circuit court entered an order accepting the previously nonadjudicated guilty plea. The sentencing order required that Reed complete the regimented inmate discipline ("RID") program, and, upon completion, that he would be "returned" to "post-release supervision."

¶3. According to Reed, because the adjudication order did not itself specify the term of the RID program or the post-release supervision, Reed was not shown to have been sentenced to a term of "one year or more" as the statute requires in order for the conviction to count toward habitual status. *See* § 99-19-81.

¶4. We note at the outset that Reed failed to present this objection to his sentencing as a habitual offender to the trial court. "When an accused fails to object to the habitual offender issue during the sentencing phase, he is procedurally barred to do so the first time on appeal."

*Heidelberg v. State*, 45 So. 3d 730, 732 (¶6) (Miss. Ct. App. 2010); *see also Vanwey v. State*, 149 So. 3d 1023, 1024 (¶3) (Miss. 2014).

¶5.     Notwithstanding the procedural bar, we find no merit to Reed's argument.  The trial court's revocation order clearly referred back to the original nonadjudication order when it stated that Reed would "return" to "post-release supervision."  The nonadjudication order specified a supervision period of one year.  Although it is not clear how much supervision time Reed had remaining at the time the sentence was imposed, that is immaterial; when it is credited to the sentence, time served prior to the conviction is counted in determining whether a sentence was for more than one year for the purposes of the habitual offender statutes.  *See Feazell v. State*, 761 So. 2d 140, 141-43 (¶¶7-11, 14) (Miss. 2000).  Moreover, for section 99-19-81, it is the length of the sentence that controls, not how much of it is actually served.  *See Jackson v. State*, 381 So. 2d 1040, 1042 (Miss. 1980).

¶6.     Reed's claim that he was improperly sentenced as a habitual offender is procedurally barred and without merit.

¶7.     **THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY OF CONVICTION OF GRAND LARCENY AND SENTENCE AS A HABITUAL OFFENDER OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT THE BENEFIT OF PROBATION, PAROLE, OR ANY FORM OF EARLY RELEASE, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.**

          **LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, JAMES AND WILSON, JJ., CONCUR.  IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**