# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-01726-COA

**DAVID RAY ADELE A/K/A DAVID R. ADELE**        **APPELLANT**
**A/K/A DAVID ADELE**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/29/2015 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | GEORGE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | ANTHONY N. LAWRENCE III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF AGGRAVATED DOMESTIC VIOLENCE AND SENTENCED AS A HABITUAL OFFENDER TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE |
| DISPOSITION: | AFFIRMED - 02/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND WESTBROOKS, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. A George County jury found David Ray Adele guilty of aggravated domestic assault. The George County Circuit Court sentenced Adele as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2015) to life in the custody of the Mississippi Department of Corrections (MDOC) without the possibility of parole. Adele

now appeals, arguing that the trial court erred in sentencing him as a habitual offender. Adele asserts that the State failed to show evidence satisfying the requirements of the habitual-offender statute; specifically, that Adele had been sentenced to and served separate terms of one year or more on two separate convictions. *See id.* Finding no error, we affirm.

**FACTS**

¶2.     On July 23, 2013, Adele was indicted on one count of aggravated domestic violence in violation of Mississippi Code Annotated section 97-3-7(4) (Supp. 2016). The State filed a motion to amend Adele's indictment on September 17, 2015, seeking to charge Adele as a habitual offender pursuant to section 99-19-83 based on two separate prior convictions: (1) an April 20, 1992 conviction for unlawful restraint in St. Clair County, Illinois, wherein the trial court sentenced Adele to twelve months conditional discharge; and (2) an October 28, 1992 conviction for first-degree murder, also in St. Clair County, Illinois, wherein the trial court sentenced Adele to serve thirty years in the custody of the Illinois Department of Corrections (IDOC). After a hearing on the matter held on October 27, 2015, the trial court granted the State's motion. The record reflects that the defense made no objection to the amendment of Adele's indictment.

¶3.     After a trial held October 27-28, 2015, the jury found Adele guilty of aggravated domestic violence. On October 29, 2015, the trial court sentenced Adele as a habitual offender to life in the custody of the MDOC without the possibility of parole. The record reflects that Adele filed no posttrial motions. Adele filed his appeal of his conviction and sentence on November 12, 2015.

## STANDARD OF REVIEW

¶4.    "A [trial] court's decision to permit the State to amend an indictment to reflect a defendant's habitual-offender status is an issue of law and enjoys a relatively broad standard of review." *Curry v. State*, 131 So. 3d 1232, 1234 (¶5) (Miss. Ct. App. 2013). This Court has held that "[a]s long as the trial judge applied the correct legal standards, [we] will not reverse [her] decision unless it is manifestly in error, or is contrary to the overwhelming weight of the evidence." *Frazier v. State*, 907 So. 2d 985, 990 (¶8) (Miss. Ct. App. 2005).

## DISCUSSION

¶5.    Adele argues that the trial court improperly sentenced him as a habitual offender in violation of his fundamental right to be free from an illegal sentence. Adele claims that the State failed to prove beyond a reasonable doubt that he had been sentenced to separate terms of one year or more on two separate convictions.

¶6.    The record before us reflects that Adele's trial counsel failed to object to the State's proof of Adele's habitual-offender status at both the motion hearing and Adele's sentencing hearing. "When an accused fails to object to the habitual[-]offender issue during the sentencing phase, he is procedurally barred to do so the first time on appeal." *Reed v. State*, 180 So. 3d 755, 756 (¶4) (Miss. Ct. App. 2015) (quoting *Heidelberg v. State*, 45 So. 3d 730, 732 (¶6) (Miss. Ct. App. 2010)); *see also Vanwey v. State*, 149 So. 3d 1023, 1024 (¶3) (Miss. 2014). Adele acknowledges that his trial counsel failed to object to or challenge the sufficiency of the State's proof of habitual status, but he asks this Court to review the issue for plain error.

¶7. In *Conner v. State*, 138 So. 3d 143, 150 (¶19) (Miss. 2014), the Mississippi Supreme Court held that since the defendant failed to raise the issue at trial that the State failed to meet its burden of proving his habitual-offender status, his argument was therefore procedurally barred on appeal. However, the supreme court held that "[b]ecause Conner argues that the State failed to submit evidence proving his habitual-offender status at the sentencing hearing, the argument is reviewable as plain error." *Id*. at 150-51 (¶19).[1] *See also Grayer v. State*, 120 So. 3d 964, 969 (¶15) (Miss. 2013) (explaining that where the defendant failed to raise an objection at trial, the appellate court may review the issue on appeal for plain error where a fundamental right of the defendant has been impacted). The *Conner* court explained that when reviewing whether "plain error has occurred, this Court must determine if the trial court has deviated from a legal rule, whether that error is plain, clear, or obvious, and whether that error has prejudiced the outcome of the trial." *Conner*, 138 So. 3d at 151 (¶19).

¶8. Section 99-19-83 provides that a life sentence without parole, probation, or early release shall be imposed on:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and **who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not**, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by [s]ection 97-3-2[.]

(Emphasis added).

---

[1] In the case before us, the record shows that the State did submit evidence regarding Adele's habitual-offender status; Adele's argument is that the evidence submitted was insufficient.

4

¶9. Turning to review Adele's assignment of error herein, we acknowledge that in order to sentence a defendant as a habitual offender, "[t]he State must prove [the defendant's] habitual-offender status beyond a reasonable doubt." *Gilbert v. State*, 48 So. 3d 516, 524-25 (¶35) (Miss. 2010); *Vince v. State*, 844 So. 2d 510, 517 (¶22) (Miss. Ct. App. 2003); URCCC 11.03. When the defendant is indicted as a habitual offender, "the circuit judge is to serve as the finder of fact in determining whether the habitual[-]offender part of the indictment is established by the requisite degree of proof." *Conner*, 138 So. 3d at 151 (¶20).

¶10. The record before us reflects that the State filed a motion to amend Adele's indictment to charge him as a habitual offender under section 99-19-83. In support of its motion, the State listed two separate prior convictions: (1) an April 20, 1992 conviction for unlawful restraint in St. Clair County, Illinois, wherein the trial court sentenced Adele to twelve months conditional discharge; and (2) an October 28, 1992 conviction for first-degree murder, also in St. Clair County, Illinois, wherein the trial court sentenced Adele to serve thirty years in the custody of the IDOC. At the hearing on the motion to amend Adele's indictment, the State provided the court with the certified pen pack and certified copies of both convictions.

¶11. Adele argues that no document from the IDOC appears in the pen pack to show that he served the full twelve months of the unlawful-restraint conviction. Adele further claims that a handwritten order in the pen pack indicates that his twelve-month conditional discharge was revoked. That order, filed on February 9, 1993, states: "Defendant currently incarcerated for 30 years in St. Clair County case 92CF501. Defendant's conditional discharge terminated

5

unsuccessfully, remaining costs, fine and fees waived." Despite Adele's assertion, we cannot agree that the language "terminated unsuccessfully" reflects that his conditional discharge was not revoked. We further find no other language in this order, or any other order in the record, specifically stating that Adele's conditional discharge was not revoked.

¶12.    The hearing transcript also reflects that the two convictions in Illinois involved the same victim. The State explained that Adele entered a guilty plea to the charge of unlawful restraint on April 20, 1992, and he committed the murder approximately three weeks later on May 8, 1992. The commitment order from the IDOC for the murder conviction indicates that the trial court sentenced Adele to serve thirty years. In the section of the order specifying whether the sentence would be served "concurrent with" or "consecutive to" another sentence, the sentencing court checked "None." As a result, Adele submits that nothing in the murder-conviction commitment order indicates that Adele was required to serve the full twelve-month sentence from his April 1992 unlawful-restraint conviction.

¶13.    At the hearing on the motion to amend his indictment, Adele's counsel stated that although she could find no evidence in the sentencing documents as to whether the sentences for the unlawful-restraint conviction and the murder conviction were to run concurrently or consecutively, she conceded that the twelve-month conditional-discharge sentence for the unlawful-restraint conviction did fall within the statutory requirements set forth by section 99-19-83. Adele's counsel further submitted that she had no objection to amending Adele's indictment to reflect his status as a section 99-19-83 habitual offender:

> Your Honor—Judge, I did, for the record, investigate the prior instances
> of criminal conduct in the State of Illinois. Your Honor asked me when the

6

motion was filed whether I had [an] objection. I asked you for an opportunity to review the information, which I did. And the one question that I did have, which has been answered for me—just for the record, Your Honor, to satisfy any questions you may have, the cases in Illinois were very close in proximity of time. The unlawful restraint, Class IV felony, being in April of [19]92, conviction date. And so I did go and research the Class IV felony, determined that the 12-month conditional discharge sentence that was given would fall within the Mississippi statute requirements.

The October of [19]92 murder conviction, Mr. Adele was actually found guilty of—he was charged with first[-]degree murder[—]he was actually found guilty of a lesser felony murder and was sentenced to thirty years in the penitentiary.

The question that I had was whether or not—first, whether the sentences for the unlawful restraint and for the October murder conviction were run concurrently or consecutively. I find no reference either way in the sentencing documents. But the other question I had was regarding whether the events were based on different sets of facts. And the felony murder conviction was actually—as I understand it, the felony in that particular instance was not the prior [un]lawful restraint[,] but one leading up to the eventual killing of this young lady.

So, I think that the requirements are met; that factual circumstances are different as to each case, even though they are so close in time. So, just for the record, Your Honor, I did want you to know that I had investigated that. And I don't find any objection that I can make.

¶14. After the hearing, the trial court granted the State's motion to amend Adele's indictment. The trial court's sentencing order reflecting Adele's status as a habitual offender provides:

On April 20, 1992, . . . [Adele] was convicted of felony unlawful restraint which occurred on November 3, 1991[,] . . . and [he] was sentenced to twelve months with his conditional discharge terminated on February 9, 1993[,] to serve twelve months and served one year of the said sentence in the custody of the Illinois Department of Corrections.

Accordingly, it appears that the trial court, after reviewing the evidence of Adele's prior

7

convictions and sentences provided by the State, interpreted the documents to reflect that Adele served the twelve months on the unlawful-restraint conviction while he was serving the thirty-year sentence for murder. As stated, trial courts enjoy a relatively broad standard of review when deciding to permit the State to amend an indictment to reflect a defendant's habitual-offender status. *Curry*, 131 So. 3d at 1234 (¶5). As a result, we will not reverse a trial judge's decision wherein she applied the correct legal standards unless her decision is manifestly wrong or contrary to the overwhelming weight of the evidence. *See Frazier*, 907 So. 2d at 990 (¶8).

¶15. After our review of the record, we find that the record contains sufficient evidence to support the trial court's order granting the State's motion to amend Adele's indictment. We therefore affirm Adele's conviction and sentence as a habitual offender.

¶16. **THE JUDGMENT OF THE GEORGE COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED DOMESTIC VIOLENCE AND SENTENCE AS A HABITUAL OFFENDER OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GEORGE COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**