# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-01037-COA

**JASON HOLLOWAY A/K/A JASON RICKEY HOLLOWAY** APPELLANT

**v.**

**STATE OF MISSISSIPPI** APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/22/2016 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER III |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JASON HOLLOWAY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/28/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., WESTBROOKS AND McDONALD, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Jason Rickey Holloway, appearing pro se, appeals the Alcorn County Circuit Court's denial of his motion for postconviction relief (PCR). After review of the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On July 20, 2015, Holloway pleaded guilty to strong armed robbery under Mississippi Code Annotated section 97-3-73 (Rev. 2006) and was sentenced as a non-violent offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007) to fifteen years in the custody of the Mississippi Department of Corrections in cause number CR2012-251.[1]

---

[1] Three additional charges were retired to the file and dismissed.

¶3.     On or about September 13, 2015, Holloway filed his first PCR motion in cause number CR2012-251, alleging he was denied his right to a speedy trial, his indictment was improper, his lawyer was ineffective, and his plea was involuntary. Holloway also filed a motion to withdraw his guilty plea and enter a plea of not guilty. On June 15, 2016, the circuit court summarily denied Holloway's PCR motion.[2] That same day, the circuit court entered an order denying Holloway's pro se motion to withdraw the guilty plea and enter a plea of not guilty. On July 11, 2016, Holloway filed an out-of-time appeal, which he called a "motion to proceed to the appeal court." But, that motion was never addressed or forwarded to the Mississippi Clerk of Appellate Courts.

¶4.     On or about September 13, 2016, Holloway filed his second PCR motion in the same cause number. In an order entered on or about January 3, 2017, the circuit court denied Holloway's second PCR motion finding it barred as a successive writ. On July 25, 2017, Holloway filed a letter deemed as a notice of appeal related to the circuit court's denial of one of the motions filed in June 2016. This Mississippi Clerk of Appellate Courts directed Holloway to show cause why his appeal should not be dismissed as untimely. On December 14, 2017, this Court's clerk received Holloway's motion for an out-of-time appeal stating that he was unaware of the thirty-day deadline to appeal.

¶5.     On or about March 13, 2018, this Court granted Holloway's out-of-time appeal from the denial of his first PCR motion, finding that Holloway had clearly taken the steps to file

---

[2] The order was filed on June 22, 2016.

2

the equivalent of a timely notice of appeal. Therefore, this Court will review Holloway's

first PCR motion, because it does not appear that Holloway appeals the denial of his second

PCR motion.

## STANDARD OF REVIEW

¶6. "When reviewing a trial court's denial or dismissal of a motion for PCR, we will only

disturb the trial court's factual findings if they are clearly erroneous; however, we review

. . . legal conclusions under a de novo standard of review." *Chapman v. State*, 167 So. 3d

1170, 1172 (¶3) (Miss. 2015).

## DISCUSSION

¶7. Holloway was allowed to appeal the denial of his first PCR motion filed in September,

2015. As a result, we will only address the claims Holloway asserts in his first PCR motion,

as those claims are properly before this Court.

### I.      Sixth Amendment Right to a Speedy Trial

¶8. Holloway asserts that he was denied the right to a speedy trial. It is well established

that where a defendant voluntarily pleads guilty to an offense he waives nonjurisdictional

rights incident to trial, including the constitutional right to a speedy trial. *See Anderson v.*

*State*, 577 So. 2d 390, 392 (Miss. 1991); *Kyles v. State*, 185 So. 3d 408, 411 (¶5) (Miss. Ct.

App. 2016). Therefore, we find that this issue is without merit.

### II.      Amended Indictment

¶9. Holloway argues that his indictment was improperly amended. "A circuit court's

decision to permit the State to amend an indictment to reflect a defendant's habitual-offender

3

status is an issue of law and enjoys a relatively broad standard of review." *Curry v. State*, 131 So. 3d 1232, 1234 (¶5) (Miss. Ct. App. 2013) (quoting *Jackson v. State*, 943 So. 2d 746, 749 (¶11) (Miss. Ct. App. 2006)). Holloway maintains that he would have not pleaded guilty if he would have known that the State would move to indict him as a nonviolent habitual offender. But Holloway did not object at his plea hearing, and the trial court found that Holloway's claim targeting the amendment of his indictment to reflect his status as a habitual offender was in direct contradiction to Holloway's statements under oath. The following is an excerpt of Holloway's statement to the trial court during his plea hearing:

| | |
|---|---|
| THE COURT: | Do I understand correctly that this recommendation is that he be sentenced as an habitual offender in this cause? Is that what I understand? |
| THE STATE: | Yes, Your Honor, it is. |
| DEFENSE: | That's the nonviolent habitual offender. |
| THE COURT: | Sir? |
| DEFENSE: | He is being sentenced as a nonviolent offender. |
| THE STATE: | We have moved to amend that indictment, and we'd like to be heard on that at the appropriate time. |
| THE COURT: | Is there any objection, to the amendment of the indictment? |
| DEFENSE: | To that being a nonviolent habitual, no, sir. |
| THE COURT: | All right. Mr. Holloway, do you understand what this is all about, the amendment of the indictment to charge you as a nonviolent habitual offender? |

4

HOLLOWAY:        Yes, Your Honor, I do.

THE COURT:       All right. Do you have any objection to that?

HOLLOWAY:        No, Your Honor.

¶10.    The State later presented evidence of Holloway's past crimes, and the trial court granted the State's motion to amend the indictment. "All indictments may be amended as to form but not as to the substance of the offense charged." *Smith v. State*, 965 So. 2d 732, 735 (¶9) (Miss. Ct. App. 2007). Moreover, an "[a]mendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised." *Id*.

¶11.    Here, we find that the amendment was permissible because it did not materially alter the facts underlying the indictment and the amendment did not prejudice Holloway. Further, the amendment did not seek a greater sentence than one associated with the crime of strong-armed robbery. The Mississippi Supreme Court has held "that the State cannot amend an indictment to seek a greater sentence than one associated with the crime originally charged, as that would constitute an unfair surprise to the accused." *Beal v. State*, 86 So. 3d 887, 892 (¶12) (Miss. 2012). Accordingly, we find that this issue is without merit.

### III.    Assistance of Counsel and Voluntariness of Plea

¶12.    It appears that Holloway asserts that his trial counsel allowed him to be erroneously sentenced to fifteen years in the custody of the MDOC as a nonviolent habitual offender. Holloway further maintains that his trial counsel should have requested a continuance after

5

the State filed its motion to amend his indictment. Further, Holloway asserts that his trial counsel should have objected to the State submitting evidence of his prior convictions without first holding a bifurcated sentencing trial. Lastly, Holloway maintains that his trial counsel's failure to file for a "fast and speedy trial" deemed his assistance deficient.

¶13. In *Dartez v. State*, 177 So. 3d 420, 423 (¶19) (Miss. 2015), the Mississippi Supreme Court held:

> In order to prevail on an ineffective-assistance-of-counsel claim, a defendant must prove that his attorney's performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial. We look at the totality of the circumstances to determine whether counsel's efforts were both deficient and prejudicial. There is a strong but rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Only where it is reasonably probable that, but for the attorney's errors, the outcome would have been different, will we find that counsel's performance was deficient.

¶14. Holloway's statements in his brief before this Court contradict the statements that he made to the trial court; however, "[t]rial judges are entitled to place great weight upon a defendant's initial plea under oath." *Templeton v. State*, 725 So. 2d 764, 767 (¶10) (Miss. 1998).

¶15. The following is an excerpt from Holloway's guilty-plea hearing:

THE COURT:     Mr. Holloway, are you satisfied with the legal services and the advice given by your attorney?

HOLLOWAY:     Yes, Your Honor.

THE COURT:     Do you think that he has properly advised you before pleading guilty to this charge and represented your best interest in handling your case?

6

| | |
|---|---|
| HOLLOWAY: | Well above. Well above. Yeah. |
| THE COURT: | Do you have any questions about what is taking place here? |
| HOLLOWAY: | No, Your Honor. |
| THE COURT: | Anything about this you do not understand? |
| HOLLOWAY: | No, Your Honor. |

¶16.    Yet, Holloway asserts that his plea was an involuntary plea because his trial counsel misinformed him of his sentence. "The burden of proving that a guilty plea is involuntary is on the defendant and must be proven by preponderance of the evidence." *House v. State*, 754 So. 2d 1147, 1152 (¶25) (Miss. 1999). "To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Burrough v. State*, 9 So. 3d 368, 373 (¶11) (Miss. 2009). The following is an excerpt from Holloway's guilty-plea hearing:

| | |
|---|---|
| THE COURT: | Are you Jason Rickey, R-I-C-K-E-Y, Holloway, H-O-L-L-O-W-A-Y, the defendant named in the indictment? |
| HOLLOWAY: | Yes, Your Honor. |
| THE COURT: | Is your plea of guilty free and voluntary on your part? |
| HOLLOWAY: | Yes, Your Honor. |
| THE COURT: | Has anyone threatened you in any way or promised you anything in order to get you to plead guilty to this charge? |

7

HOLLOWAY: No, Your Honor.

* * * * *

THE COURT: Do you understand the charge against you? The indictment charges that you and another on or about the 31st day of May, 2012, in Alcorn County in the State of Mississippi, individually and/or while acting in concert with and/or aiding, abetting, assisting, or encouraging each other or others did willfully, unlawfully, feloniously take the personal property of Rebecca Davis, in her presence or from her person, against her will, by violence to her person or by putting the said Rebecca Davis in fear of some immediate injury to her person, to-wit, when the said Jason Rickey Holloway grabbed Rebecca Davis around her neck and choked Rebecca Davis, in violation of Mississippi Code Annotated section 97-3-73. Do you understand that?

HOLLOWAY: Yes, Your Honor.

THE COURT: Did you, in fact, do that?

HOLLOWAY: Yes, sir.

THE COURT: Do you understand that on your plea of guilty to this charge the maximum penalty which I could impose would be a term of 15 years in the custody of the Mississippi Department of Corrections and a fine of $10,000, that there is no minimum mandatory sentence which I am required to impose?

HOLLOWAY: Yes, Your Honor.

THE COURT: Is there a recommendation from the State?

THE STATE: Yes, Your Honor. The State would recommend the defendant serve 15 years, that none of that be suspended, and that he serve 15 years. And we will pursue that as an

8

| | habitual offender under Section 99-19-81 during the sentencing phase. . . . |
|---|---|
| THE COURT: | Mr. Holloway, do you understand the recommendation made by the State? |
| HOLLOWAY: | Yes, Your Honor. |
| THE COURT: | Is that the recommendation that you understood the State would make? |
| HOLLOWAY: | Yes, Your Honor. |
| THE COURT: | As to the felony charge of strong armed robbery as charged in Cause CR12-251 in the Circuit Court of Alcorn County, Mississippi, do you plead guilty or not guilty. |
| HOLLOWAY: | I plead guilty, Your Honor. |

¶17. The record shows that Holloway was informed of the nature of his charges against him, the consequences of his plea, and his status as a nonviolent habitual offender. Furthermore, Holloway expressed to the court that he understood the nature of his charges and the State's recommendation, and this Court recognizes that a strong presumption exists that in-court declarations are truthful. *Thinnes*, 196 So. 3d at 210 (¶25). Holloway never objected during sentencing as the trial court explained his maximum penalty.

¶18. Once again, the reviewing court "must also take note of the emphasis which trial judges may place upon a defendant's prior representations under oath during guilty pleas." *Templeton*, 725 So. 2d at 768 (¶11). Here, Holloway was informed of the State's recommendation regarding his fifteen-year sentence.

9

¶19. In response to Holloway's additional claims[3] regarding his trial counsel's assistance, the Mississippi Supreme Court has held that "[a] strategic decision to pursue less than all plausible lines of defense will rarely, if ever, be deemed ineffective if counsel first adequately investigated the rejected alternative." *Cole v. State*, 666 So. 2d 767, 776 (Miss. 1995). The record reflects that Holloway received adequate assistance of counsel. It appears from the record that Holloway's multiple charges caused a delay in proceedings, not his attorney's representation. Holloway also noted that he felt his attorney properly advised him before pleading guilty and represented his best interest in handling his case.

¶20. Therefore, we find that Holloway's claims are without merit, and we find no error in the denial of Holloway's 2015 PCR motion.

¶21. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. BARNES, C.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

---

[3] Holloway argues that his trial counsel should have requested a continuance after the State filed its motion to amend his indictment. Further, Holloway asserts that his trial counsel should have objected to the State submitting evidence of his prior convictions without first holding a bifurcated sentencing trial. Lastly, Holloway maintains that his trial counsel's failure to file for a "fast and speedy trial" deemed his assistance deficient.